JUDGE JONES

08 CIV 4791

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. BANK NATIONAL ASSOCIATION, as Trustee,

          Interpleader Plaintiff,

- against -

MBIA Insurance Corporation, Wellington Management Company, LLP, VantisLife Insurance Company, CEDE & CO., as holder of certain Secured Notes and nominee name of the Depositary Trust Company, DOES 1 through 5, holders of certain Class A-1 and Class B Notes and DOES 6 through 100, owners of beneficial interests in the Secured Notes.

          Interpleader Defendants.

**INTERPLEADER COMPLAINT**



RECEIVED
Case No. 2008
U.S.D.C. S.D.N.Y.
CASHIERS

---

Interpleader Plaintiff U.S. Bank National Association ("US Bank"), in its capacity as Trustee under the Indenture, dated as of September 28, 2006, by and among itself, Wadsworth CDO, Ltd., as Issuer, and Wadsworth CDO Corp., as Co-Issuer (as amended, the "Indenture") (all capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Indenture), alleges and states that:

### INTRODUCTION

1.    This is an interpleader action for the purpose of obtaining adjudication of the respective rights of the Interpleader Defendants with respect to certain assets held by US Bank. US Bank, which serves as Trustee under the Indenture, faces competing demands by the Interpleader Defendants with respect to actions to be taken with respect to the Secured Notes and

the Collateral following an Event of Default under the Indenture, and cannot determine, without hazard to itself, how to proceed.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 because this is a civil action of interpleader or in the nature of interpleader, two or more adverse claimants are of diverse citizenship, the amount of controversy exceeds $500 and US Bank is posting a bond in the amount of $980,152.15.

3. Venue in this District is appropriate pursuant to 28 U.S.C. § 1397 because one or more defendants reside within this judicial district.

## PARTIES

4. US Bank is a national banking association with its main office in Minneapolis, Minnesota. US Bank is the Trustee under the Indenture.

5. Interpleader Defendant MBIA Insurance Corporation ("MBIA") is, upon information and belief, a New York corporation, with its principal place of business at 113 King Street, Armonk, New York. MBIA is the Controlling Party and the Controlling Beneficiary under the Indenture. MBIA, as the Controlling Party, provides credit enhancement to the Class A-1 Notes issued under the Indenture.

6. Interpleader Defendant Wellington Management Company, LLP ("Wellington") is, upon information and belief, a Massachusetts limited liability partnership, with its principal place of business at 75 State Street, Boston, Massachusetts. Upon information and belief, Wellington represents the interests of beneficial owners of certain of the Class A-2 and Class B Notes.

LEGAL02/30790378v6                              2

7. Interpleader Defendants Does 1 through 5 (the "Wellington Doe Defendants") are, upon information and belief, beneficial owners of certain Class A-2 and Class B Notes under the Indenture, whose interest in the Notes is represented by Wellington. US Bank does not know the names or true identities of the Wellington Doe Defendants.

8. Interpleader Defendant VantisLife Insurance Company ("VantisLife") is, upon information and belief, a Connecticut corporation, with its principal place of business at 200 Day Hill Road, Windsor, Connecticut. VantisLife is, upon information and belief, beneficial owner of certain Class A-2 Notes under the Indenture.

9. Interpleader Defendant Cede & Co. is, upon information and belief, the nominee name of The Depositary Trust Company, a limited purpose trust company organized under New York banking law, with its principal place of business at 55 Water Street, New York, New York. Cede & Co. is the registered holder of record of the Secured Notes, representing 100% of the aggregate principal amount outstanding on the Secured Notes. Upon information and belief, Cede & Co. holds the Secured Notes for the ultimate benefit of others.

10. Interpleader Defendants Does 6 through 100 (the "Doe Defendants") are, upon information and belief, beneficial owners of the interests in the Secured Notes held by Cede & Co. US Bank does not know the names or true identities of the Doe Defendants.

## BACKGROUND

11. US Bank is a party to the Indenture, pursuant to which the Issuer and the Co-Issuer issued certain Secured Notes, which Secured Notes are secured by a pool of Collateral. US Bank is required to treat the Indenture as confidential pursuant to Section 14.14 of the Indenture.

12. The Collateral consists of asset-backed securities and other assets and accounts, and includes all payments and proceeds received on the asset-backed securities and the other assets. Pursuant to the Indenture, the Issuer pledged the Collateral to US Bank, in its capacity as Trustee, in order to secure its obligations under the Indenture. US Bank holds the Collateral on behalf of the secured parties under the Indenture and collects the Interest Proceeds and Principal Proceeds payable on such Collateral.

13. Payments on the Secured Notes (and certain other amounts payable by the Issuer) are made on certain specified dates (each, a "Payment Date") from Interest Proceeds and Principal Proceeds collected by US Bank in respect of the Collateral. On each Payment Date, payments are made in the order of priority set forth in Section 11.1 of the Indenture. Section 11.1 of the Indenture is subject to the provisions in Section 13.1 of the Indenture.

## THE DISPUTE

14. On March 6, 2008, an Event of Default occurred pursuant to Section 5.1(g) of the Indenture.

15. On March 10, 2008, US Bank mailed a Notice of Event of Default pursuant to Section 6.2 of the Indenture to the parties designated in Section 6.2 of the Indenture, including MBIA.

16. Section 5.2(a) of the Indenture provides that if an Event of Default occurs and is continuing, the Controlling Party "may (A) declare the principal of all of the Secured Notes to be immediately due and payable, and upon any such declaration such principal, together with all accrued and unpaid interest thereon, and other amounts payable hereunder, shall become immediately due and payable and (B) terminate the Reinvestment Period."

17. On March 12, 2008, US Bank received a written notice from MBIA, in its capacity as the Controlling Party, pursuant to Section 5.2(a) of the Indenture, declaring the principal of all of the Secured Notes to be immediately due and payable and terminating the Reinvestment Period.

18. On May 1, 2008, MBIA sent a letter to US Bank, the Issuer and the Co-Issuer stating that the subordination provisions (Section 13.1) and the priority of payments provisions (Section 11.1) of the Indenture must be interpreted to mean that if an Event of Default has not been cured or waived and acceleration has been directed, the Class A-1 Notes should be paid in full before any further payment or distribution is made to any other holders of Secured Notes.

19. In its May 1 letter, MBIA specifically instructed US Bank that Interest Proceeds on the May 6, 2008 Distribution Date should be applied to amounts owing pursuant to Sections 11.1(a)(i)(A) through and including (E), and then, in accordance with Section 13.1(b), any remaining Interest Proceeds, rather than being used to pay accrued interest on other classes of Secured Notes, must be directed to the payment of principal of its Class A-1 Notes until the Class A-1 Notes are paid in full.

20. MBIA also instructed US Bank that Principal Proceeds should be applied to amounts owing pursuant to Section 11.1(a)(i)(A) (but only to the extent such amounts are related to clauses (A) through (E) of Section 11.1(a)(i)), and then any remaining Principal Proceeds should be applied to the payment of the Class A-1 Notes, until the Class A-1 Notes have been paid in full.

21. Essentially, MBIA's interpretation of such provisions would require that, due to the occurrence of an Event of Default and an acceleration of the Secured Notes, US Bank not pay any Interest Proceeds or Principal Proceeds in respect of Secured Notes (other than the most

senior class of Secured Notes then outstanding) or other certain obligations of the Issuer until the most senior class of Secured Notes is paid in full.

22. On May 5, 2008, Wellington sent a letter to US Bank on behalf of certain of its clients, the Wellington Doe Defendants, stating that the appropriate application of Sections 13.1 and 11.1 of the Indenture is to make payments of the Interest Proceeds and the Principal Proceeds with respect to the Class A-2 and Class B Notes as set forth in Section 11.1(a)(i)(F) and 11.1(a)(iii)(A) of the Indenture (the "May 5th Letter"). Wellington's assertions regarding the manner in which Interest Proceeds and Principal Proceeds should be applied following the occurrence of an Event of Default and an acceleration of the Secured Notes conflict with the instructions received from MBIA.

23. On May 14, 2008, VantisLife informed US Bank that it was one of the beneficial owners of Secured Notes on whose behalf Wellington had sent its May 5th Letter to US Bank.

24. Upon information and belief, one or more Doe Defendants has taken or will take the position that MBIA's interpretation of Sections 13.1 and 11.1 of the Indenture is neither reasonable nor correct and that, as a result, the occurrence of an Event of Default and an acceleration of the Secured Notes does not require that all proceeds of the Collateral be used to pay the Class A-1 Notes in full prior to making payments on other classes of Secured Notes.

25. A dispute thus exists among the various parties with an interest in the Collateral as to the proper treatment of the proceeds thereof on the Payment Date.

26. Sections 13.1 and 11.1, and other relevant provisions of the Indenture, are ambiguous with respect to the proper distribution of Principal Proceeds and Interest Proceeds in the case of an Event of Default and acceleration of the Secured Notes. US Bank, in its capacity

as Trustee, is unable to determine, without exposing itself to risk of liability, in what manner any distribution of the Principal Proceeds and Interest Proceeds should occur in such circumstances.

27. The Payment Date first subject to the dispute described above was May 6, 2008. On that Payment Date, US Bank set aside the disputed portion of the Interest Proceeds otherwise distributable on that date, pending a determination by the court of the Interpleader Defendants' dispute. Although there was no dispute regarding the application of the Principal Proceeds which were available for distribution on the May 6, 2008 Payment Date, the manner in which Principal Proceeds are to be distributed on future Payment Dates is also in dispute.

28. The dispute over entitlement to Interest Proceeds and, when applicable, Principal Proceeds available for payment on succeeding Payment Dates is likely to recur.

29. The total amount of disputed Interest Proceeds being held by US Bank is currently $980,152.15. A bond in this amount is being filed with the Court by US Bank.

30. US Bank is ready and willing to distribute the disputed portion of the Interest Proceeds (and, if applicable with respect to future Payment Dates, Principal Proceeds) in such manner as the Court shall direct.

31. The above-entitled action is not brought by collusion with any of the Interpleader Defendants.

## PLEA FOR RELIEF

**WHEREFORE,** US Bank asks this Court:

(i) To order Interpleader Defendants to interplead and to settle all claims to Principal Proceeds and Interest Proceeds between themselves and any other persons who claim or may claim an interest, beneficial or legal, in such Principal Proceeds and Interest Proceeds;

(ii)  To restrain Interpleader Defendants and all claiming through or acting with them, or claiming any interest in the Principal Proceeds and Interest Proceeds, from commencing or prosecuting any separate proceeding against US Bank concerning or relating to the issues in this action;

(iii) To award US Bank its costs and disbursements, including legal fees and expenses, with respect to this action and the distribution of the Principal Proceeds and Interest Proceeds.

(iv) To award US Bank such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
       May 21, 2008

ALSTON & BIRD LLP

By: _____
Michael E. Johnson (MJ 0299)
Piret Loone (PL 6597)
90 Park Avenue
New York, New York
(212) 210-9400

*Attorneys for Interpleader Plaintiff*
*U.S. Bank National Association, as Trustee*