UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————

U.S. BANK NATIONAL ASSOCIATION, as
Trustee,

                 Interpleader Plaintiff,

              - against -

MBIA INSURANCE CORPORATION,
WELLINGTON MANAGEMENT COMPANY,
LLP, VANTISLIFE INSURANCE COMPANY,
CEDE & CO., as holder of certain Secured Notes
and nominee name of the Depositary Trust
Company, DOES 1 through 5, holders of certain
Class A-1 and Class B Notes and DOES 6 through
100, owners of beneficial interests in the Secured
Notes.

              Interpleader Defendants.

———————————————————

Case No. 08-CV-4791 (BSJ)

**DECLARATION OF MICHAEL E.
JOHNSON IN SUPPORT OF
MOTION TO AMEND
COMPLAINT**

Michael E. Johnson, under penalty of perjury pursuant to 28 U.S.C. § 1746, deposes and says:

1.      I am a partner in the firm of Alston & Bird LLP, counsel for Interpleader Plaintiff U.S. Bank National Association ("US Bank") in this action. I am admitted to appear in this Court. I submit this Declaration in support of US Bank's Motion to Amend Complaint in this action.

2.      A true and correct copy of the proposed First Amended Interpleader Complaint is annexed hereto as Exhibit "A".

3.      A true and correct copy of the original Interpleader Complaint (the "Complaint"), filed on May 22, 2008, is annexed hereto as Exhibit "B".

4.      A true and correct copy of a Subpoena served by US Bank on Wellington on July 3, 2008, is annexed as Exhibit "C" hereto.

5.      A true and correct copy of Wellington Management Company, LLP's Response to Trustee's Subpoena for the Production of Documents, dated July 17, 2008, is annexed as Exhibit "D" hereto.

6.      At the time US Bank filed the Complaint, it did not know the identities of the beneficial owners of the Class A-2 and Class B Notes represented by Wellington.

7.      At the time it commenced this action, US Bank did not know the identity of the holder of the Class A-1 Notes.

8.      On or about June 27, 2008, I received a telephone call from Scott Eckas, counsel for MBIA, identifying KBC Investments Hong Kong Ltd. ("KBC") as the holder of the Class A-1 Notes.

9.      Mr. Eckas subsequently informed me that both MBIA and KBC desire that KBC be named as an interpleader defendant in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       August 1, 2008

_____
Michael E. Johnson

LEGAL02/30897862v1

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, | : | **FIRST AMENDED INTERPLEADER COMPLAINT** |
| Interpleader Plaintiff, | : | |
| - against - | : | |
| MBIA INSURANCE CORPORATION, KBC INVESTMENTS HONG KONG LTD., CITITRUST (BAHAMAS) LTD., XLR 114 TRUST, SEI INVESTMENTS COMPANY, CEDE & CO., as holder of certain Secured Notes and nominee name of the Depositary Trust Company, and DOES 6 through 100, owners of beneficial interests in the Secured Notes, | : | Case No. 1:08 CV 4791 (BSJ) |
| Interpleader Defendants. | : | |

Interpleader Plaintiff U.S. Bank National Association ("US Bank"), in its capacity as

Trustee under the Indenture, dated as of September 28, 2006, by and among itself, Wadsworth

CDO, Ltd., as Issuer, and Wadsworth CDO Corp., as Co-Issuer (as amended, the "Indenture")

(all capitalized terms used, but not defined, herein shall have the meanings ascribed to them in

the Indenture), alleges and states that:

## INTRODUCTION

1.     This is an interpleader action for the purpose of obtaining adjudication of the

respective rights of the Interpleader Defendants with respect to certain assets held by US Bank.

US Bank, which serves as Trustee under the Indenture, faces competing demands by the

Interpleader Defendants with respect to actions to be taken with respect to the Secured Notes and

the Collateral following an Event of Default under the Indenture, and cannot determine, without hazard to itself, how to proceed.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 because this is a civil action of interpleader or in the nature of interpleader, two or more adverse claimants are of diverse citizenship, the amount of controversy exceeds $500 and US Bank is posting a bond in the amount of $980,152.15.

3.      Venue in this District is appropriate pursuant to 28 U.S.C. § 1397 because one or more defendants reside within this judicial district.

## PARTIES

4.      US Bank is a national banking association with its main office in Minneapolis, Minnesota. US Bank is the Trustee under the Indenture.

5.      Interpleader Defendant KBC Investments Hong Kong Ltd. ("KBC") is, upon information and belief, a private limited company organized under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, with its principal place of business at Two Intl. Financial Ctr., 8 Finance St., Central District, Hong Kong Island, Hong Kong. Upon information and belief, KBC is a beneficial owner of certain Class A-1 Notes issued under the Indenture.

6.      Interpleader Defendant MBIA Insurance Corporation ("MBIA") is, upon information and belief, a New York corporation, with its principal place of business at 113 King Street, Armonk, New York. MBIA is the Controlling Party and the Controlling Beneficiary under the Indenture. MBIA, as the Controlling Party, provides credit enhancement to the Class A-1 Notes issued under the Indenture.

7.      Interpleader Defendant Cititrust (Bahamas) Ltd. ("Cititrust") is, upon information and belief, a Bahamas limited liability company, with its principal place of business at Citigroup Building, Thompson Blvd., Nassau, Bahamas.  Upon information and belief, Cititrust is a beneficial owner of certain Class A-2 and/or Class B Notes issued under the Indenture.

8.      Interpleader Defendant SEI Investments Company ("SEI") is, upon information and belief, a Pennsylvania corporation, with its principal place of business at 1 Freedom Valley Drive, Oaks, Pennsylvania.  Upon information and belief, SEI is a beneficial owner of certain Class A-2 and/or Class B Notes issued under the Indenture.

9.      Interpleader Defendant XLR 114 Trust ("XLR") is, upon information and belief, a trust with its principal place of business at One Bermudiana House, Hamilton, Bermuda.  Upon information and belief, XLR is a beneficial owner of certain Class A-2 and/or Class B Notes issued under the Indenture.

10.      Interpleader Defendant Cede & Co. is, upon information and belief, the nominee name of The Depositary Trust Company, a limited purpose trust company organized under New York banking law, with its principal place of business at 55 Water Street, New York, New York.  Cede & Co. is the registered holder of record of the Secured Notes, representing 100% of the aggregate principal amount outstanding on the Secured Notes.  Upon information and belief, Cede & Co. holds the Secured Notes for the ultimate benefit of others.

11.      Interpleader Defendants Does 6 through 100 (the "Doe Defendants") are, upon information and belief, beneficial owners of the interests in the Secured Notes held by Cede & Co.  US Bank does not know the names or true identities of the Doe Defendants.

## BACKGROUND

12.     US Bank is a party to the Indenture, pursuant to which the Issuer and the Co-Issuer issued certain Secured Notes, which Secured Notes are secured by a pool of Collateral. US Bank is required to treat the Indenture as confidential pursuant to Section 14.14 of the Indenture.

13.     The Collateral consists of asset-backed securities and other assets and accounts, and includes all payments and proceeds received on the asset-backed securities and the other assets. Pursuant to the Indenture, the Issuer pledged the Collateral to US Bank, in its capacity as Trustee, in order to secure its obligations under the Indenture. US Bank holds the Collateral on behalf of the secured parties under the Indenture and collects the Interest Proceeds and Principal Proceeds payable on such Collateral.

14.     Payments on the Secured Notes (and certain other amounts payable by the Issuer) are made on certain specified dates (each, a "Payment Date") from Interest Proceeds and Principal Proceeds collected by US Bank in respect of the Collateral. On each Payment Date, payments are made in the order of priority set forth in Section 11.1 of the Indenture. Section 11.1 of the Indenture is subject to the provisions in Section 13.1 of the Indenture.

## THE DISPUTE

15.     On March 6, 2008, an Event of Default occurred pursuant to Section 5.1(g) of the Indenture.

16.     On March 10, 2008, US Bank mailed a Notice of Event of Default pursuant to Section 6.2 of the Indenture to the parties designated in Section 6.2 of the Indenture, including MBIA.

17.     Section 5.2(a) of the Indenture provides that if an Event of Default occurs and is continuing, the Controlling Party "may (A) declare the principal of all of the Secured Notes to be immediately due and payable, and upon any such declaration such principal, together with all accrued and unpaid interest thereon, and other amounts payable hereunder, shall become immediately due and payable and (B) terminate the Reinvestment Period."

18.     On March 12, 2008, US Bank received a written notice from MBIA, in its capacity as the Controlling Party, pursuant to Section 5.2(a) of the Indenture, declaring the principal of all of the Secured Notes to be immediately due and payable and terminating the Reinvestment Period.

19.     On May 1, 2008, MBIA sent a letter to US Bank, the Issuer and the Co-Issuer stating that the subordination provisions (Section 13.1) and the priority of payments provisions (Section 11.1) of the Indenture must be interpreted to mean that if an Event of Default has not been cured or waived and acceleration has been directed, the Class A-1 Notes should be paid in full before any further payment or distribution is made to any other holders of Secured Notes.

20.     In its May 1 letter, MBIA specifically instructed US Bank that Interest Proceeds on the May 6, 2008 Distribution Date should be applied to amounts owing pursuant to Sections 11.1(a)(i)(A) through and including (E), and then, in accordance with Section 13.1(b), any remaining Interest Proceeds, rather than being used to pay accrued interest on other classes of Secured Notes, must be directed to the payment of principal of its Class A-1 Notes until the Class A-1 Notes are paid in full.

21.     MBIA also instructed US Bank that Principal Proceeds should be applied to amounts owing pursuant to Section 11.1(a)(i)(A) (but only to the extent such amounts are related to clauses (A) through (E) of Section 11.1(a)(i)), and then any remaining Principal Proceeds

should be applied to the payment of the Class A-1 Notes, until the Class A-1 Notes have been paid in full.

22.     Upon information and belief, KBC has taken the position that MBIA's interpretation of Sections 13.1 and 11.1 of the Indenture is correct, and that it is entitled to full payment before any further payment or distribution is made to the subordinate holders of Secured Notes.

23.     Essentially, MBIA's and KBC's interpretation of such provisions would require that, due to the occurrence of an Event of Default and an acceleration of the Secured Notes, US Bank not pay any Interest Proceeds or Principal Proceeds in respect of Secured Notes (other than the most senior class of Secured Notes then outstanding) or other certain obligations of the Issuer until the most senior class of Secured Notes is paid in full.

24.     On May 5, 2008, Wellington Management Company, LLP ("Wellington") sent a letter to US Bank on behalf of certain of its clients, stating that the appropriate application of Sections 13.1 and 11.1 of the Indenture is to make payments of the Interest Proceeds and the Principal Proceeds with respect to the Class A-2 and Class B Notes as set forth in Section 11.1(a)(i)(F) and 11.1(a)(iii)(A) of the Indenture (the "May 5th Letter"). Wellington's clients' assertions regarding the manner in which Interest Proceeds and Principal Proceeds should be applied following the occurrence of an Event of Default and an acceleration of the Secured Notes conflict with the instructions received from MBIA.

25.     Wellington has informed US Bank that Cititrust, SEI and XLR are beneficial owners of Secured Notes on whose behalf the May 5th Letter was sent.

26.     Upon information and belief, one or more Doe Defendants has taken or will take the position that MBIA's and KBC's interpretation of Sections 13.1 and 11.1 of the Indenture is

neither reasonable nor correct and that, as a result, the occurrence of an Event of Default and an acceleration of the Secured Notes does not require that all proceeds of the Collateral be used to pay the Class A-1 Notes in full prior to making payments on other classes of Secured Notes.

27.    A dispute thus exists among the various parties with an interest in the Collateral as to the proper treatment of the proceeds thereof on the Payment Date.

28.    Sections 13.1 and 11.1, and other relevant provisions of the Indenture, are ambiguous with respect to the proper distribution of Principal Proceeds and Interest Proceeds in the case of an Event of Default and acceleration of the Secured Notes.  US Bank, in its capacity as Trustee, is unable to determine, without exposing itself to risk of liability, in what manner any distribution of the Principal Proceeds and Interest Proceeds should occur in such circumstances.

29.    The Payment Date first subject to the dispute described above was May 6, 2008. On that Payment Date, US Bank set aside the disputed portion of the Interest Proceeds otherwise distributable on that date, pending a determination by the court of the Interpleader Defendants' dispute.  Although there was no dispute regarding the application of the Principal Proceeds which were available for distribution on the May 6, 2008 Payment Date, the manner in which Principal Proceeds are to be distributed on future Payment Dates is also in dispute.

30.    The dispute over entitlement to Interest Proceeds and, when applicable, Principal Proceeds available for payment on succeeding Payment Dates is likely to recur.

31.    The total amount of disputed Interest Proceeds being held by US Bank is currently $980,152.15.  A bond in this amount was filed with the Court by US Bank.

32.    US Bank is ready and willing to distribute the disputed portion of the Interest Proceeds (and, if applicable with respect to future Payment Dates, Principal Proceeds) in such manner as the Court shall direct.

33.    The above-entitled action is not brought by collusion with any of the Interpleader Defendants.

**PLEA FOR RELIEF**

**WHEREFORE,** US Bank asks this Court:

(i)    To order Interpleader Defendants to interplead and to settle all claims to Principal Proceeds and Interest Proceeds between themselves and any other persons who claim or may claim an interest, beneficial or legal, in such Principal Proceeds and Interest Proceeds;

(ii)    To restrain Interpleader Defendants and all claiming through or acting with them, or claiming any interest in the Principal Proceeds and Interest Proceeds, from commencing or prosecuting any separate proceeding against US Bank concerning or relating to the issues in this action;

(iii)    To award US Bank its costs and disbursements, including legal fees and expenses, with respect to this action and the distribution of the Principal Proceeds and Interest Proceeds.

(iv)    To award US Bank such other and further relief as the Court may deem just, proper

and equitable.

Dated: New York, New York
       August 1, 2008

ALSTON & BIRD LLP

By: _____
Michael E. Johnson (MJ 0299)
Piret Loone (PL 6597)
90 Park Avenue
New York, New York
(212) 210-9400

*Attorneys for Interpleader Plaintiff*
*U.S. Bank National Association, as Trustee*

# EXHIBIT B

JUDGE JONES

**'08 CIV 4791**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION, as
Trustee,

                      Interpleader Plaintiff,

                      - against -

MBIA Insurance Corporation, Wellington
Management Company, LLP, VantisLife Insurance
Company, CEDE & CO., as holder of certain
Secured Notes and nominee name of the Depositary
Trust Company, DOES 1 through 5, holders of
certain Class A-1 and Class B Notes and DOES 6
through 100, owners of beneficial interests in the
Secured Notes.

                      Interpleader Defendants.



**INTERPLEADER
COMPLAINT**

RECEIVED
Case No. 2008

U.S.D.C. S.D.N.Y.
CASHIERS

Interpleader Plaintiff U.S. Bank National Association ("US Bank"), in its capacity as

Trustee under the Indenture, dated as of September 28, 2006, by and among itself, Wadsworth

CDO, Ltd., as Issuer, and Wadsworth CDO Corp., as Co-Issuer (as amended, the "Indenture")

(all capitalized terms used, but not defined, herein shall have the meanings ascribed to them in

the Indenture), alleges and states that:

### INTRODUCTION

1.      This is an interpleader action for the purpose of obtaining adjudication of the

respective rights of the Interpleader Defendants with respect to certain assets held by US Bank.

US Bank, which serves as Trustee under the Indenture, faces competing demands by the

Interpleader Defendants with respect to actions to be taken with respect to the Secured Notes and

the Collateral following an Event of Default under the Indenture, and cannot determine, without

hazard to itself, how to proceed.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1335 because this is a civil action of interpleader or in the nature of interpleader, two or

more adverse claimants are of diverse citizenship, the amount of controversy exceeds $500 and

US Bank is posting a bond in the amount of $980,152.15.

3.     Venue in this District is appropriate pursuant to 28 U.S.C. § 1397 because one or

more defendants reside within this judicial district.

## PARTIES

4.     US Bank is a national banking association with its main office in Minneapolis,

Minnesota.  US Bank is the Trustee under the Indenture.

5.     Interpleader Defendant MBIA Insurance Corporation ("MBIA") is, upon

information and belief, a New York corporation, with its principal place of business at 113 King

Street, Armonk, New York.  MBIA is the Controlling Party and the Controlling Beneficiary

under the Indenture.  MBIA, as the Controlling Party, provides credit enhancement to the Class

A-1 Notes issued under the Indenture.

6.     Interpleader Defendant Wellington Management Company, LLP ("Wellington")

is, upon information and belief, a Massachusetts limited liability partnership, with its principal

place of business at 75 State Street, Boston, Massachusetts.  Upon information and belief,

Wellington represents the interests of beneficial owners of certain of the Class A-2 and Class B

Notes.

7.      Interpleader Defendants Does 1 through 5 (the "Wellington Doe Defendants") are, upon information and belief, beneficial owners of certain Class A-2 and Class B Notes under the Indenture, whose interest in the Notes is represented by Wellington.  US Bank does not know the names or true identities of the Wellington Doe Defendants.

8.      Interpleader Defendant VantisLife Insurance Company ("VantisLife") is, upon information and belief, a Connecticut corporation, with its principal place of business at 200 Day Hill Road, Windsor, Connecticut.  VantisLife is, upon information and belief, beneficial owner of certain Class A-2 Notes under the Indenture.

9.      Interpleader Defendant Cede & Co. is, upon information and belief, the nominee name of The Depositary Trust Company, a limited purpose trust company organized under New York banking law, with its principal place of business at 55 Water Street, New York, New York. Cede & Co. is the registered holder of record of the Secured Notes, representing 100% of the aggregate principal amount outstanding on the Secured Notes.  Upon information and belief, Cede & Co. holds the Secured Notes for the ultimate benefit of others.

10.      Interpleader Defendants Does 6 through 100 (the "Doe Defendants") are, upon information and belief, beneficial owners of the interests in the Secured Notes held by Cede & Co.  US Bank does not know the names or true identities of the Doe Defendants.

## BACKGROUND

11.      US Bank is a party to the Indenture, pursuant to which the Issuer and the Co-Issuer issued certain Secured Notes, which Secured Notes are secured by a pool of Collateral. US Bank is required to treat the Indenture as confidential pursuant to Section 14.14 of the Indenture.

12.    The Collateral consists of asset-backed securities and other assets and accounts, and includes all payments and proceeds received on the asset-backed securities and the other assets. Pursuant to the Indenture, the Issuer pledged the Collateral to US Bank, in its capacity as Trustee, in order to secure its obligations under the Indenture. US Bank holds the Collateral on behalf of the secured parties under the Indenture and collects the Interest Proceeds and Principal Proceeds payable on such Collateral.

13.    Payments on the Secured Notes (and certain other amounts payable by the Issuer) are made on certain specified dates (each, a "Payment Date") from Interest Proceeds and Principal Proceeds collected by US Bank in respect of the Collateral. On each Payment Date, payments are made in the order of priority set forth in Section 11.1 of the Indenture. Section 11.1 of the Indenture is subject to the provisions in Section 13.1 of the Indenture.

## THE DISPUTE

14.    On March 6, 2008, an Event of Default occurred pursuant to Section 5.1(g) of the Indenture.

15.    On March 10, 2008, US Bank mailed a Notice of Event of Default pursuant to Section 6.2 of the Indenture to the parties designated in Section 6.2 of the Indenture, including MBIA.

16.    Section 5.2(a) of the Indenture provides that if an Event of Default occurs and is continuing, the Controlling Party "may (A) declare the principal of all of the Secured Notes to be immediately due and payable, and upon any such declaration such principal, together with all accrued and unpaid interest thereon, and other amounts payable hereunder, shall become immediately due and payable and (B) terminate the Reinvestment Period."

17.     On March 12, 2008, US Bank received a written notice from MBIA, in its capacity as the Controlling Party, pursuant to Section 5.2(a) of the Indenture, declaring the principal of all of the Secured Notes to be immediately due and payable and terminating the Reinvestment Period.

18.     On May 1, 2008, MBIA sent a letter to US Bank, the Issuer and the Co-Issuer stating that the subordination provisions (Section 13.1) and the priority of payments provisions (Section 11.1) of the Indenture must be interpreted to mean that if an Event of Default has not been cured or waived and acceleration has been directed, the Class A-1 Notes should be paid in full before any further payment or distribution is made to any other holders of Secured Notes.

19.     In its May 1 letter, MBIA specifically instructed US Bank that Interest Proceeds on the May 6, 2008 Distribution Date should be applied to amounts owing pursuant to Sections 11.1(a)(i)(A) through and including (E), and then, in accordance with Section 13.1(b), any remaining Interest Proceeds, rather than being used to pay accrued interest on other classes of Secured Notes, must be directed to the payment of principal of its Class A-1 Notes until the Class A-1 Notes are paid in full.

20.     MBIA also instructed US Bank that Principal Proceeds should be applied to amounts owing pursuant to Section 11.1(a)(i)(A) (but only to the extent such amounts are related to clauses (A) through (E) of Section 11.1(a)(i)), and then any remaining Principal Proceeds should be applied to the payment of the Class A-1 Notes, until the Class A-1 Notes have been paid in full.

21.     Essentially, MBIA's interpretation of such provisions would require that, due to the occurrence of an Event of Default and an acceleration of the Secured Notes, US Bank not pay any Interest Proceeds or Principal Proceeds in respect of Secured Notes (other than the most

senior class of Secured Notes then outstanding) or other certain obligations of the Issuer until the most senior class of Secured Notes is paid in full.

22.     On May 5, 2008, Wellington sent a letter to US Bank on behalf of certain of its clients, the Wellington Doe Defendants, stating that the appropriate application of Sections 13.1 and 11.1 of the Indenture is to make payments of the Interest Proceeds and the Principal Proceeds with respect to the Class A-2 and Class B Notes as set forth in Section 11.1(a)(i)(F) and 11.1(a)(iii)(A) of the Indenture (the "May 5th Letter"). Wellington's assertions regarding the manner in which Interest Proceeds and Principal Proceeds should be applied following the occurrence of an Event of Default and an acceleration of the Secured Notes conflict with the instructions received from MBIA.

23.     On May 14, 2008, VantisLife informed US Bank that it was one of the beneficial owners of Secured Notes on whose behalf Wellington had sent its May 5th Letter to US Bank.

24.     Upon information and belief, one or more Doe Defendants has taken or will take the position that MBIA's interpretation of Sections 13.1 and 11.1 of the Indenture is neither reasonable nor correct and that, as a result, the occurrence of an Event of Default and an acceleration of the Secured Notes does not require that all proceeds of the Collateral be used to pay the Class A-1 Notes in full prior to making payments on other classes of Secured Notes.

25.     A dispute thus exists among the various parties with an interest in the Collateral as to the proper treatment of the proceeds thereof on the Payment Date.

26.     Sections 13.1 and 11.1, and other relevant provisions of the Indenture, are ambiguous with respect to the proper distribution of Principal Proceeds and Interest Proceeds in the case of an Event of Default and acceleration of the Secured Notes. US Bank, in its capacity

as Trustee, is unable to determine, without exposing itself to risk of liability, in what manner any distribution of the Principal Proceeds and Interest Proceeds should occur in such circumstances.

27.     The Payment Date first subject to the dispute described above was May 6, 2008. On that Payment Date, US Bank set aside the disputed portion of the Interest Proceeds otherwise distributable on that date, pending a determination by the court of the Interpleader Defendants' dispute. Although there was no dispute regarding the application of the Principal Proceeds which were available for distribution on the May 6, 2008 Payment Date, the manner in which Principal Proceeds are to be distributed on future Payment Dates is also in dispute.

28.     The dispute over entitlement to Interest Proceeds and, when applicable, Principal Proceeds available for payment on succeeding Payment Dates is likely to recur.

29.     The total amount of disputed Interest Proceeds being held by US Bank is currently $980,152.15. A bond in this amount is being filed with the Court by US Bank.

30.     US Bank is ready and willing to distribute the disputed portion of the Interest Proceeds (and, if applicable with respect to future Payment Dates, Principal Proceeds) in such manner as the Court shall direct.

31.     The above-entitled action is not brought by collusion with any of the Interpleader Defendants.

## PLEA FOR RELIEF

**WHEREFORE,** US Bank asks this Court:

(i)     To order Interpleader Defendants to interplead and to settle all claims to Principal Proceeds and Interest Proceeds between themselves and any other persons who claim or may claim an interest, beneficial or legal, in such Principal Proceeds and Interest Proceeds;

(ii)     To restrain Interpleader Defendants and all claiming through or acting with them, or

claiming any interest in the Principal Proceeds and Interest Proceeds, from

commencing or prosecuting any separate proceeding against US Bank concerning or

relating to the issues in this action;

(iii)    To award US Bank its costs and disbursements, including legal fees and expenses,

with respect to this action and the distribution of the Principal Proceeds and Interest

Proceeds.

(iv)    To award US Bank such other and further relief as the Court may deem just, proper

and equitable.

Dated: New York, New York
        May 21, 2008

                                    ALSTON & BIRD LLP

                                    By:  _____
                                    Michael E. Johnson (MJ 0299)
                                    Piret Loone (PL 6597)
                                    90 Park Avenue
                                    New York, New York
                                    (212) 210-9400

                                    *Attorneys for Interpleader Plaintiff*
                                    *U.S. Bank National Association, as Trustee*

# EXHIBIT C

AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
#### District of Massachusetts

U.S. BANK NATIONAL ASSOCIATION, as Trustee,

V.

MBIA INSURANCE CORPORATION, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08-CV-4791 (BSJ) (SDNY)

TO: Wellington Management Company, LLP
75 State Street
Boston MA 02109-1827

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Documents sufficient to identify any and all beneficial holders of any notes issued pursuant to that certain Indenture, dated as of September 28, 2006, by and among U.S. Bank, Wadsworth CDO, Ltd., as Issuer, and Wadsworth CDO Corp., as Co-Issuer, on whose behalf Wellington has been acting in connection with the dispute that is the subject of the complaint in this action.

| PLACE    Alston & Bird LLP | DATE AND TIME |
|---|---|
| 90 Park Avenue, New York, New York 100016 | 7/11/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Michael E. Johnson, Esq. (MJ 0299)    /s/ Attorney for Plaintiff | 7/3/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alston & Bird LLP
90 Park Avenue, New York, New York 10016  212-210-9400

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>MBIA INSURANCE CORPORATION, *et al.*,<br><br>Defendants. | 08-CV-4791 (BSJ)<br><br>**AFFIDAVIT OF SERVICE OF WELLINGTON SUBPOENA** |

STATE OF NEW YORK          )
                                              )    ss:
COUNTY OF NEW YORK      )


        Louis Costanzo, being duly sworn, deposes and says:  that she is over the age of

eighteen years, that she is employed by Alston & Bird LLP, attorneys for Interpleader

Plaintiff, U.S. Bank National Association; That on the 3rd day of July, 2008, he caused to

be served VIA UPS OVERNIGHT the within Subpoena upon the following:

        Wellington Management Company LLP
        75 State Street
        Boston, MA 02109-1827

        c/o Chelsea Teachot, Esq.
        Goodwin Proctor LLP
        Exchange Place
        53 State Street
        Boston, MA 02109

                                                          _____
                                                                   Louis Costanzo

Sworn to before me
this 22nd day of July, 2008.

_____
        Notary Public

KIM FITZGERALD
Notary Public, State of New York
No. 01FI6093313
Qualified in Kings County
Certificate Filed in New York County
Commission Expires August 9, 20 0 7

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X
                        :

U.S. BANK NATIONAL ASSOCIATION, as  :
Trustee,                              :
                        :
           Interpleader Plaintiff,    :
                        :
              v.                 :    Case No: 08-CV-4791 (BSJ-MHD)
                        :
MBIA Insurance Corporation, Wellington  :
Management Company, LLP, VantisLife    :
Insurance Company, CEDE & CO., as holder  :    WELLINGTON MANAGEMENT
of certain Secured Notes and nominee name of :    COMPANY, LLP'S RESPONSE TO
the Depository Trust Company, DOES 1    :    TRUSTEE'S SUBPOENA FOR THE
through 5, holders of certain Class A-1 and  :    PRODUCTION OF DOCUMENTS
Class B Notes and DOES 6 through 100,    :
owners of beneficial interests in the Secured  :
Notes,                          :
                        :
         Interpleader Defendants. :
                        :
                        :
--------------------------------------------------------X

Pursuant to Fed. R. Civ. P. 45, Wellington Management Company, LLP ("Wellington")

hereby provides its response and objections to the Subpoena issued by the Trustee on July 3,

2008.

**RESPONSE TO SUBPOENA**

**REQUEST NO. 1:**

1. Documents sufficient to identify any and all beneficial holders of any notes issued pursuant

    to that certain Indenture, dated as of September 28, 2006, by and among U.S. Bank,

    Wadsworth CDO, Ltd., as Issuer, and Wadsworth CDO Corp., as Co-Issuer, on whose behalf

Wellington has been acting in connection with the dispute that is the subject of the complaint in this action.

## RESPONSE TO REQUEST NO.1:

Wellington objects to this request to the extent it calls for documents that are subject to the attorney-client privilege, the work product doctrine, or other applicable privilege or protection. Wellington further objects on the grounds that it calls for the production of confidential or proprietary business and commercial information without entry of a mutually-satisfactory protective order or confidentiality stipulation.

Subject to these objections, Wellington provides the contact information it has in its possession for clients of Wellington as of the date hereof on behalf of whom Wellington has purchased notes to the extent such clients have not indicated to Wellington they did not wish to participate in the interpleader, with the understanding that the information will be used only for purposes of this litigation.

Citi DIS Libor Plus Fund
c/o Cititrust (Bahamas) Limited
Citigroup Building
Thompson Boulevard
P.O. Box N-1576
Nassau, Bahamas
Tel: 1 242 302 8714
Fax: 1 242 302 8719
Attention: Schell Stubbs

SIMT Enhanced Income Fund
c/o SEI Investments
1 Freedom Valley Drive
P.O. Box 1100, Oaks, PA 19456

SDIT Ultra Short Bond Fund
c/o SEI Investments
1 Freedom Valley Drive
P.O. Box 1100, Oaks, PA 19456

XLR 114 Trust
c/o XL Capital
XL House
One Bermudiana Road
Hamilton, HM 11
Bermuda
Attn: Mary Sousa Hayward

Dated: July 17, 2008
     New York, NY

*Deborah A. Birnbach* (AT)
Deborah S. Birnbach (DB 4371)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax:  617.523.1231

*Attorneys for Wellington Management Company, LLP*