UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee,<br><br>　　　　　　　Interpleader Plaintiff,<br><br>　　　　- against -<br><br>MBIA INSURANCE CORPORATION, WELLINGTON MANAGEMENT COMPANY, LLP, VANTISLIFE INSURANCE COMPANY, CEDE & CO., as holder of certain Secured Notes and nominee name of the Depositary Trust Company, DOES 1 through 5, holders of certain Class A-2 and Class B Notes and DOES 6 through 100, owners of beneficial interests in the Secured Notes.<br><br>　　　　　　　Interpleader Defendants. | Case No. 1:08 CV 4791 (BSJ) |

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO AMEND COMPLAINT**

Interpleader Plaintiff U.S. Bank National Association ("US Bank") respectfully submits this Memorandum of Law in Support of Its Motion to Amend Complaint. In particular, US Bank seeks leave to file a First Amended Complaint substituting SEI Investments Company ("SEI"), Cititrust (Bahamas) Ltd. ("Cititrust") and XLR 114 Trust ("XLR") for Does 1 through 5 (the "Wellington Doe Defendants"), and to add KBC Investments Hong Kong Ltd. ("KBC") as an additional interpleader defendant. US Bank has been informed that each of these parties has made a claim to the assets subject to the interpleader, and each should therefore be added as an interpleader defendant.

## FACTUAL AND PROCEDURAL BACKGROUND

As described in the original Interpleader Complaint (the "Complaint"), US Bank is a Trustee under the Indenture, dated as of September 28, 2006, by and among itself, Wadsworth CDO, Ltd., as Issuer, and Wadsworth CDO Corp., as Co-Issuer (as amended, the "Indenture").[1] *See* Declaration of Michael E. Johnson, dated August 31, 2008 ("Johnson Decl.") ¶ 3, Ex. B. US Bank filed this action on May 22, 2008 to obtain adjudication of the respective rights of the interpleader defendants with respect to certain assets held by it pursuant to the Indenture. *Id.* ¶ 3, Ex. B ¶ 1.

This dispute arose from competing claims made by Wellington Management Company, LLP ("Wellington"), which represents the interests of the beneficial owners of certain Class A-2 and Class B Notes issued under the Indenture, and MBIA Insurance Corporation ("MBIA"), which provides credit enhancement in respect of the Class A-1 Notes. *Id.* ¶ 3, Ex. B ¶¶ 14-25. On or about May 1, 2008, MBIA instructed US Bank that, due to the occurrence of an Event of Default and an acceleration of the Secured Notes, US Bank should not pay any Interest Proceeds or Principal Proceeds in respect of the Secured Notes (other than the senior class of the Secured Notes) or other certain obligations of the Issuer until the most senior class of Secured Notes (the Class A-1 Notes) is paid in full. *Id.* ¶ 3, Ex. B ¶¶ 18-21. Wellington took a conflicting position on behalf of certain of its clients regarding the priority of Interest Proceeds and Principal Proceeds payments. *Id.* ¶ 3, Ex. B ¶ 22. US Bank, in its capacity as Trustee, commenced this interpleader action after determining that it could not determine, without exposing itself to risk of liability, how to resolve the dispute between MBIA and

---

[1] All capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Indenture.

- 2 -

Wellington or how to distribute the Principal Proceeds and the Interest Proceeds. *Id.* ¶ 3, Ex. B ¶ 26. US Bank named both Wellington and MBIA as interpleader defendants. *Id.* ¶ 3, Ex. B.[2]

At the time US Bank filed the original Complaint, it did not know the names and identities of the beneficial owners of the Class A-2 and Class B Notes represented by Wellington. *Id.* ¶ 6. US Bank therefore named Does 1 through 5 (the "Wellington Doe Defendants") as interpleader defendants in the expectation that the noteholders represented by Wellington could be substituted as defendants once their identities were revealed. *See id.* ¶ 3, Ex. B. On July 3, 2008, US Bank served a subpoena on Wellington, seeking information to identify the clients on whose behalf Wellington had been acting in connection with the disputed assets. *See id.* ¶ 4, Ex. C. On July 17, Wellington, in response to the subpoena, identified SEI, Cititrust and XLR as clients on whose behalf it had been acting. *Id.* ¶ 5, Ex. D. On the same day, US Bank dismissed Wellington from this case without prejudice. *See* Notice of Dismissal (Docket No. 19).[3]

At the time it commenced this action, US Bank also did not know the identities of the holder of the Class A-1 Notes for which MBIA provided credit enhancement. Johnson Decl. ¶ 7. On or about June 27, 2008, Scott Eckas, counsel for MBIA identified KBC as the holder of the Class A-1 Notes. *Id.* ¶ 8. Prior to this phone call, KBC's identity as a holder of Class A-1 Notes was unknown. *Id.* MBIA's counsel informed US Bank that both MBIA and KBC desire that KBC be named as an interpleader defendant in this action. *Id.* ¶ 9.

---

[2] Cede & Co. was named as an interpleader defendant because it is the registered holder of record of the Secured Notes, representing 100% of the aggregate principal amount outstanding on the notes. *See* Johnson Decl. ¶ 3, Ex. B ¶ 9.

[3] US Bank subsequently also dismissed VantisLife Insurance Company as a defendant on a without prejudice basis. *See* Notice of Dismissal (Docket No. 20).

## ARGUMENT

A motion to amend a complaint to substitute named parties for "Doe" defendants is governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a); *Zhao v. City of New York*, No. 07 Civ. 3636, 2008 U.S. Dist. LEXIS 32214, at *2 (S.D.N.Y. April 16, 2008) (granting plaintiff leave to substitute a named party in lieu of a "John Doe" designation pursuant to Rule 15(a)). Rule 15(a) provides that leave to amend is to be granted "when justice so requires," and is to be liberally applied. *See Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990). The denial of leave to amend is ordinarily "inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The denial of leave to amend should be justified by grounds such as undue delay or prejudice to the opposing party. *Id.*

The substitution of SEI, Cititrust and XLR for the defendants denominated as "Does 1 through 5" should be permitted. SEI, Cititrust and XLR have been identified as the beneficial holders of Class A-2 and/or Class B notes on whose behalf Wellington was acting when it wrote to US Bank, challenging MBIA's interpretation of the Indenture. As such, SEI, Cititrust and XLR should be afforded the opportunity to obtain adjudication of their rights in respect of the assets in dispute.

None of the factors that might justify denial of the amendment are present. US Bank brought this motion promptly after learning the identities of the Wellington Doe Defendants. A case management order has not been entered and discovery has not commenced, which rules out any threat of prejudice. The amendment would not require any party to expend additional resources in respect of discovery, nor would it delay the resolution of this dispute.

LEGAL02/30885943v5

- 5 -

The addition of new parties to an action is governed by Rule 21 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 21 (a party may be added "at any stage of the action and on such terms as are just"); *Kaminsky v. Abrams*, 41 F.R.D. 168, 170 (S.D.N.Y. 1966). In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Soler v. G&U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980). As the holder of the Class A-1 Notes, KBC has a direct stake in the outcome of this dispute and should be joined as an interpleader defendant. Indeed, it appears that KBC wishes to be joined in this action. No grounds exist to deny the addition of KBC as a defendant, since the case is in its early stages and US Bank brought this motion promptly after it learned of KBC's identity.

## CONCLUSION

For the foregoing reasons, the Court should grant US Bank's Motion and order that SEI, Cititrust and XLR be substituted for defendants designated as "Does 1 through 5" and that KBC be added as a defendant.

Dated: New York, New York
      August 1, 2008

By:                               Respectfully submitted,
                                  ALSTON & BIRD LLP

                                  */s/ Michael E. Johnson*
                                  Michael E. Johnson (MJ 0299)
                                  Piret Loone (PL 6597)
                                  90 Park Avenue
                                  New York, New York 10016
                                  (212) 210-9400

                                  *Attorneys for Interpleader Plaintiff*
                                  *U.S. Bank National Association, as*
                                  *Trustee*